THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 1:18-cv-01469-MSK-MJW

RONNIE KEYES,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

## UNITED STATES' MOTION TO STAY DISCOVERY

---

The United States asks this Court to stay discovery, including the obligation to exchange initial disclosures, until the Court rules on the United States' Motion to Dismiss (Doc. 18), filed on September 10, 2018. That motion and the accompanying memorandum in support (Doc. 19) demonstrate that this Court lacks subject matter jurisdiction over Ronnie Keyes' claims against the United States under the Federal Tort Claims Act ("FTCA"). Under Supreme Court and Tenth Circuit precedent, Keyes' FTCA claims are barred by the independent contractor and discretionary function exceptions to liability. Those insurmountable jurisdictional obstacles warrant a stay of discovery until the district court decides these critical issues.

### Overview

Plaintiff Ronnie Keyes was the defendant in *United States v. Keyes,* Case No. 16-CR-00195-MSK. Finding that Keyes posed a danger to the community, this court ordered that Keyes be held until trial, committing him to the custody of the U.S.

Marshals Service ("USMS"). While awaiting trial, Keyes was held at the Aurora Detention Facility ("ADF"), a private detention facility responsible for the safe-keeping, care and subsistence of pretrial detainees. During his detention, Keyes, a paraplegic who uses a wheelchair, alleges that he suffered from bedsores and other open wounds that needed medical attention. ADF's medical professional, Dr. Peterson, treated Keyes, but Keyes alleges Dr. Peterson's care was deficient, resulting in partial amputation of his leg and infections that will cause him to die. Dr. Peterson's alleged medical malpractice and the resulting physical injuries to Keyes are extremely troubling to anyone, but empathy for those concerns is not a basis for overcoming the United States' sovereign immunity. Keyes' remedy for Dr. Peterson's alleged medical malpractice is against ADF and/or Dr. Peterson—not the United States.

**General Standards for Staying a Case**

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 707 (1997). The Court controls the timing and sequence of discovery. Fed. R. Civ. P. 26(b)(1) and (d). Under Fed. R. Civ. P. 16(c)(2)(F), the court may take action "controlling and scheduling discovery, including orders affecting disclosures and discovery . . . ." The 1993 comments to the rule state that the purpose of that provision (which was found in Rule 16(c)(6) before the 2007 amendments to Rule 16) is to "emphasize that a major objective of pretrial conferences should be to consider appropriate controls on the extent and timing of discovery."

Although courts generally disfavor stays of discovery, some exceptions to that policy have been recognized in cases like this one. An exception to this policy is made

when the party requesting the stay has filed a dispositive motion asserting absolute or qualified immunity. Sovereign immunity is considered "absolute immunity" from suit. Courts routinely grant stays of discovery pending the district court's ruling on dispositive motions based upon lack of subject matter jurisdiction. *See, e.g, Garrett's Worldwide Enterprises, LLC v. United States*, No. 14-2281-JTM, 2014 WL 7071713, (D. Kan. Dec. 12, 2014). That is so because it is well settled that a defendant is entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings. *See Siegert v. Gilley,* 500 U.S. 226, 232-33 (1991). "One of the purposes of immunity . . . is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Id.* at 232. Because sovereign immunity is an immunity from suit and not a mere defense to liability, "[the] immunity. . . is effectively lost if a case is erroneously permitted to proceed to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (discussing qualified immunity as an immunity from suit). The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed. *Siegert*, 500 U.S. at 233; *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Courts have also stayed discovery until a pending motion is decided "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome." *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1990) (*citing Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

To obtain a discovery stay, the burden is on moving defendant to establish that the balance of the following five interests tip in its favor: (1) Plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to Plaintiff of a delay; (2) the burden on Defendants in going forward; (3) the convenience to the Court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-0193-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (*citing FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D. Kan. [1]987) (unpublished disposition)).

**Analysis**

In this case, discovery should be stayed pending the Court's ruling on the United States' Motion to Dismiss because that motion demonstrates that Keyes' Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Keyes asserts FTCA claims against the United States for injuries allegedly caused by Dr. Peterson, ADF's employee, but the Supreme Court and Tenth Circuit, as well as a phalanx of decisions from other federal courts, have found similarly premised FTCA claims by federal inmates or pretrial detainees barred by the FTCA's independent contractor exception[1] and discretionary function[2] exceptions to liability.

---

[1] *See U.S. v. Orleans*, 425 U.S. 807 (1976); *Logue v. United States*, 412 U.S. 521 (1973); *Curry v. United States*, 97 F.3d 412, 414 (10th Cir. 1996) (…the FTCA does not authorize suits based on the acts of independent contractors or their employees) (*citing Orleans, Logue*, and § 2671).

[2] *See Lipsey v. United States*, 879 F.3d 249, 253-55 (7th Cir. 2018); *Curry v. United States*, 97 F.3d 412, 414 (10th Cir. 1996) (…the FTCA does not authorize suits based on the acts of independent contractors or their employees) (*citing Orleans, Logue*, and § 2671); *Ahern v. United States*, No. 2:14-CV-259, 2017 WL 2215633, at *7 (S.D. Tex. May 19, 2017) (USMS's decision to engage with a private entity to house federal detainees is grounded in competing policy concerns related to the needs of the

As demonstrated in the Memorandum In Support of the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 19), ADF is an independent contractor over which the USMS did not control the day-to-day operations, and so Keyes' claims are barred by the independent contractor exception. Keyes' Complaint recognizes that ADF is an independent contractor, but suggests that he can avoid these obstacles to jurisdiction by alleging that the USMS had non-delegable duties that impose liability on the United States. However, that argument has been rejected by the Supreme Court and the other federal courts. *See Logue*, 412 U.S. at 528; *Crawford v. United States*, No. 114CV1336LEKCFH, 2016 WL 7190567, at *6 (N.D.N.Y. Dec. 12, 2016) ("[C]ourts have consistently held that non-delegable duties may not be used as a means to impose liability on the Government under the FTCA.").

And to the extent Keyes' challenges the USMS's decisions to contract out medical care for pretrial detainees and rely on the medical expertise of its independent contractor, those claims are barred by the discretionary function exception.

Keyes may suggest that he should be permitted discovery pending the resolution of the United States' dispositive motion, but to do so when his claims are plainly barred by the express language of the United States' contract with the private detention facility constitutes a needless use of judicial resources. Discovery at this stage would also thwart principles of sovereign immunity and be contrary to the proportionality of discovery set forth in Fed. R. Civ. P. 26. Although some courts authorize discovery by plaintiffs prior to dismissal under Rule 12(b)(1), the better approach—and the one

---

detainees and the costs associated in providing health care and other adequate conditions of confinement), *report and recommendation adopted*, No. 2:14-CV-259, 2017 WL 2821949 (S.D. Tex. June 29, 2017).

consistent with the tenants of sovereign immunity and the Rules of Civil Procedure—is to preclude discovery on issues plainly barred by sovereign immunity:

> Whether the BOP might so involve itself with Hope Village as to change the result from *Logue* would normally be a peculiarly fact-specific inquiry, which would not lend itself easily to dismissal before discovery. Here, however, the documentation submitted by the BOP with its reply to Ms. Phillips's opposition is clear and uncontroverted: Hope Village is an independent contractor with the BOP. The BOP does not involve itself with the day-to-day business of Hope Village and keeps a distance from the "halfway" house. Therefore, the BOP is not liable under the FTCA for any negligence allegedly committed by Hope Village.

*Phillips v. Fed. Bureau of Prisons*, 271 F. Supp. 2d 97, 101 (D.D.C. 2003).

Not only are Keyes' substantive claims barred by sovereign immunity, his claims for punitive damages and prejudgment interest are expressly barred by sovereign immunity, 28 U.S.C. § 2674.

This Court's five-factor analysis for determining whether to stay discovery demonstrates that a stay of discovery is appropriate in this case:

(1) Keyes' interests in proceeding expeditiously with the civil action and the potential prejudice to him of a delay. Keyes waited six months less a day from the denial of his administrative FTCA claim to commence this case in federal district court. The timing of filing this case was completely within Keyes' control after the denial of his administrative claim, so the additional time to resolve this important jurisdictional and threshold issue is one he should bear. Further, Keyes will not be prejudiced by the delay in this litigation because he is currently pursuing similar negligence claims against the GEO Group, Inc., which owns ADF, in state court (*Keyes v. The GEO Group, Inc., et al,* District Court, Adams County, Colorado Case No. 2017CV30166). Under the

6

indemnification clause in the USMS contract, the GEO Group, Inc. would also be liable for Dr. Peterson's alleged negligence in this case.

(2) the burden on the United States in going forward: The burden to produce discovery in a case plainly barred by sovereign immunity is one the United States should not bear. Congress—as confirmed by the Supreme Court—has determined that claims barred by sovereign immunity should be dismissed for lack of jurisdiction. Defending this case needlessly consumes the time and resources of the United States.

(3) the convenience to this Court: Overseeing needless discovery imposes an unnecessary burden on this Court, especially in a case over which it lacks subject matter jurisdiction. It is clearly more convenient for the Court to enter a stay of discovery until it is certain which claims, if any, survive the United States' dispositive motion.

(4) the interests of persons not parties to the civil litigation: Citizens of the United States should not bear the costs of defending litigation in which Congress has barred the plaintiff's claims.

(5) the public interest: The public's only interest is a general interest in the efficient and just resolution of this case. Avoiding wasteful efforts by the Court and litigants serves this interest.

## **CONCLUSION**

Because the United States' dispositive motion demonstrates that this Court lacks subject matter jurisdiction over Keyes' claims, it asks this Court to stay discovery pending its potentially dispositive ruling on the United States' Motion to Dismiss (Doc. 18). A stay of discovery strikes a proper balance between conserving resources and

affording Keyes a chance to demonstrate by legal analysis the existence of a waiver of sovereign immunity not foreclosed by the independent contractor and discretionary function exceptions to liability. *See also Williams v. Aulepp*, No. 16-3044-EFM, 2017 WL 6048189, at *2 (D. Kan. Dec. 7, 2017) ("Because evidence will not assist plaintiff in responding to the pending motion to dismiss, staying discovery in light of the qualified-immunity assertion is appropriate."). Before requiring the United States to expend its finite resources defending a case that is barred by sovereign immunity, Keyes should be required to articulate how he intends to overcome the insurmountable bars to his claims established by prior precedent, including his expressly barred claims for punitive damages and prejudgment interest.

## Statement of Consultation

Prior to filing this Motion to Stay Discovery, counsel for the United States sent a substantively similar prior draft of this motion to plaintiff's counsel. Counsel for Keyes responded "we oppose." Before filing the final draft of this motion, additional analysis setting forth the specific five factors for considering whether it is appropriate to issue a stay of discovery was added, and a copy of that draft was sent to Keyes' counsel prior to filing it today.

DATED this 12th day of September 2018.

> JEFF SESSIONS
> ATTORNEY GENERAL OF THE UNITED STATES
>
> STEPHEN R. MCALLISTER
> United States Attorney for the District of Kansas
>
> s/ James Christopher Allman
> JAMES CHRISTOPHER ALLMAN

KS S. Ct. No. 14225

s/ Andrea L. Taylor
ANDREA L. TAYLOR
MO Bar No. 42733; KS Fed Bar No. 70422
Special Attorneys
500 State Avenue, Suite 360
Kansas City, Kansas  66101
Telephone:  (913) 551-6730
Fax:  (913) 551-6541
Email:  Chris.Allman@usdoj.gov
Email:  Andrea.Taylor@usdoj.gov

Counsel for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

David Lane
dlane@kln-law.com

Liana Orshan
lorshan@kln-law.com,

and I also hereby certify that I caused the foregoing document to be mailed to the following:  None.

s/ James Christopher Allman
JAMES CHRISTOPHER ALLMAN
Special Attorney
500 State Avenue, Suite 360
Kansas City, Kansas  66101
Telephone:  (913) 551-6730
Fax:  (913) 551-6541
Email:  Chris.Allman@usdoj.gov
Attorney for the United States