# EXHIBIT 2

```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF COLORADO

Criminal Action No. 16-cr-00195-MSK

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

RONNIE NATHANIEL KEYES,

      Defendant.
```
_____

**REPORTER'S TRANSCRIPT**
MOTION HEARING
_____

Proceedings before the HONORABLE MARCIA S. KRIEGER, Judge, United States District Court for the District of Colorado, commencing at 4:03 p.m., on the 18th day of August, 2016, in Courtroom A901, United States Courthouse, Denver, Colorado.

**A P P E A R A N C E S**

GARRETT WINSTEAD, Assistant U.S. Attorney, 1801 California Street, Suite 1600, Denver, Colorado, 80202, appearing for the Government.

DAVID JOHNSON, Assistant Federal Public Defender, 633 17th Street, 10th Floor, Denver, Colorado, 80202, appearing for the Defendant.

```
              THERESE LINDBLOM, Official Reporter
              901 19th Street, Denver, Colorado 80294
          Proceedings Reported by Mechanical Stenography
                 Transcription Produced via Computer
```

```
 1                      P R O C E E D I N G S
 2             (In open court at 4:03 p.m.)
 3
 4         THE COURT:  Court is convened this afternoon in
 5    Case No. 16-cr-195.  It's encaptioned the United States of
 6    America v. Ronnie Nathaniel Keyes.  The matter is set down for
 7    a motions hearing.
 8             Could I have entries of appearance, please.
 9         MR. WINSTEAD:  Good afternoon, Your Honor.  Garrett
10    Winstead on behalf of the United States.
11         THE COURT:  Good afternoon, welcome.
12         MR. JOHNSON:  Good afternoon, Your Honor.  David
13    Johnson on behalf of Mr. Keyes.  He is present in custody at
14    counsel table.
15         THE COURT:  Good afternoon and welcome.
16             The motion that we have today is found at Docket No.
17    19.  It is a motion to continue the trial.
18             I understand that it's not opposed by the Government.
19    But, Mr. Johnson, I do have questions for you.
20         MR. JOHNSON:  I'm happy to answer them, Your Honor.
21         THE COURT:  Thank you.
22             In your motion you state that you need additional time
23    to conduct legal research.  Why is that?
24         MR. JOHNSON:  It has to do with the issues relating to
25    the guideline range and what guideline range Mr. Keyes would
```

1  be.
2  *THE COURT:* Well, the guideline range would be
3  important if you were not going to trial; it would be important
4  for sentencing.
5  *MR. JOHNSON:* Yes, that's true. And it's also
6  important to advise Mr. Keyes -- I think it's important to let,
7  generally, individuals know what they are looking at if they go
8  to trial, what they're looking at if they plead guilty --
9  *THE COURT:* What is it that you're researching that
10 requires -- I mean, you've had this case for a while.
11 *MR. JOHNSON:* And a lot of the -- a lot of my
12 efforts -- a lot of my attention has been towards his medical
13 conditions and keeping up with that, contacting the marshals.
14 And they have been -- we have been in regular contact with them
15 about needs that Mr. Keyes has and what he -- what he needs,
16 what he's not getting. But a lot of my attention has been
17 addressed to the medical conditions.
18         But in addition to that, I mean, I have looked at the
19 case, discussed the case itself with him, researched,
20 investigated. We're in the process of doing additional
21 investigation.
22 *THE COURT:* When are you going to be finished? And
23 what investigation are you doing that you need more time for?
24 *MR. JOHNSON:* The investigation -- there was a large
25 group of people at the scene where Mr. Keyes was arrested and

1 found allegedly with the gun. He was in a car that he wasn't
2 driving, the car was parked, and there was a whole bunch of
3 people around. We're looking to find a lot of those people,
4 and it's been difficult. That's mainly the investigation that
5 we've been doing.
6 But like I was saying, legal research, whether or not
7 his prior conviction counts as a controlled substance offense,
8 because that raises the base offense level. I think it is
9 important for him to know in making a decision about what to
10 do.
11 *THE COURT:* That's an hour or two of research, right?
12 *MR. JOHNSON:* Well, I'm not sure. It's getting
13 records -- records were requested, and we're in the process of
14 getting them. Once you get the records, looking through them,
15 looking to see if there is an argument to be made.
16 *THE COURT:* Well, let me stop you right there. That's
17 what I need to know. I'm not going to grant a continuance on,
18 sort of, abstract conclusory statements that "I need more time
19 to investigate" or "I need more time to research."
20 I have to make under *Toombs* specific findings. And so
21 if you can give me what it is that I need for those findings,
22 you have opposing counsel who agrees that the trial should be
23 continued. But it can't be continued unless I can make the
24 requisite findings.
25 So please tell me what it is you haven't been able to

```
 1   do that you still need to do and how long it's going to take.
 2         MR. JOHNSON:  I need to obtain -- I have sought
 3   records.  We need to obtain them and actually get them
 4   physically and then review them.  And then based upon what
 5   shows up in those records, research whether there is an
 6   argument about a prior conviction being a controlled substance
 7   offense.  Concluding whether or not -- what I think, to advise
 8   Mr. Keyes, is it a controlled substance offense?  Is it not?
 9         THE COURT:  How long is it going to take you to
10   complete this process?
11         MR. JOHNSON:  Well, I've asked in my motion for the
12   trial to be set for November 7, mainly that reason, because I'm
13   not sure how long it's going to take to find the people who
14   were at the scene, which I think might be important if a trial
15   is necessary in the case.  And that's unknown.  We've put
16   extensive effort in trying to find them, going to places where
17   we think that they would be, things like that.  And there is
18   several of those, not just one or two.  And that's been
19   difficult, time consuming.
20         THE COURT:  We're not looking historically.  I need to
21   know what you need to do and how long it's going to take.
22         MR. JOHNSON:  I think setting a trial date for
23   November 7 would adequately --
24         THE COURT:  I can't guarantee that November 7 is going
25   to be a date that you can have a trial.  Would you please just
```

```
 1   tell me how long you need to do what you need to do.
 2           MR. JOHNSON:  I would say minimum 30 days.
 3           THE COURT:  Thirty days for getting the records and
 4   doing the legal research or 30 days for purposes of conducting
 5   the physical investigation, trying to locate witnesses?
 6           MR. JOHNSON:  Totality of the circumstances.
 7           THE COURT:  Okay.  I note you're not intending,
 8   according to this motion, to file pretrial motions; is that
 9   right?
10           MR. JOHNSON:  That is correct.
11           THE COURT:  Okay.  Well, the trial is set to commence
12   August 29; and you believe you'll need 30 days from that
13   date -- you'll be ready for trial 30 days from that date?
14           MR. JOHNSON:  It would -- it would depend on the
15   success we have in finding the individuals that I've been
16   telling you about.  So that's why I asked for November 7,
17   because I know that that would be, certainly, enough time.  And
18   I fully understand that November 7 may not be available.
19           Perhaps to be safe, from the current set trial date --
20   I think my discussions with the prosecutor in formulating the
21   motion was a 60-day extension, and then looking at it, we just
22   came to the agreement of November 7.
23           THE COURT:  Mr. Johnson --
24           MR. JOHNSON:  I'm happy to be flexible with the
25   Court's calendar.
```

1    *THE COURT:* Let me explain. November 7 is the first
2    week of November. It's the Grand Junction docket. I'm going
3    to be in Grand Junction handling the Grand Junction docket, so
4    it's not very helpful to me for you to pick a date. What I
5    need to do is to know how much time you need reasonably to
6    prepare for trial, and then I'll be glad to offer you a date.
7    *MR. JOHNSON:* And the November 7 date was just a
8    suggestion. I'm fully happy to be flexible. I would say --
9    there is a lot of unknowns, as far as how much time it takes to
10   investigate.
11   *THE COURT:* How much time do you reasonably anticipate
12   you are willing to devote to investigation?
13   *MR. JOHNSON:* Why don't we ask for minimum 45 days
14   from the current trial date; and, then, that would also help
15   avoid the Grand Junction trial docket, which I'll be joining
16   you on.
17   *THE COURT:* Well, then, you should have known that.
18   *MR. JOHNSON:* I found that out two days ago, so I
19   actually haven't --
20   *THE COURT:* All right. Looking out about 45 days from
21   August 29, Ms. Glover, what are we looking at?
22   *COURTROOM DEPUTY:* October 13.
23   *THE COURT:* We have criminal trials scheduled for
24   October 17 and also October 31.
25   How long do you think you're going to need for this

1 trial?

2 *MR. WINSTEAD:* Your Honor, I think three days would be
3 sufficient. Is that --

4 *THE COURT:* Our options at this juncture appear to be
5 October 3 or November 28.

6 *MR. WINSTEAD:* Either of those would work for the
7 United States, Your Honor.

8 *THE COURT:* Thank you.

9 We might be able to work something in on October 31,
10 as well. Do you have a preference? The 3rd, 31st, or
11 November 21.

12 *MR. WINSTEAD:* Counsel for the United States does have
13 a trial currently set for the 31st. Not sure whether it will
14 go or not. Obviously, that's --

15 *THE COURT:* Mr. Johnson.

16 *MR. JOHNSON:* Why don't we -- sounds like it's okay
17 for everybody else, October 3. I'll make that work. I'll make
18 sure that's doable.

19 *THE COURT:* Okay. Then with regard to the motion to
20 continue trial brought by the defense in this case, the Court
21 finds that defense counsel has not yet completed the record
22 gathering necessary to research the application of the federal
23 sentencing guideline calculations and has not been able to
24 complete an investigation with regard to witnesses located at
25 the scene of the offense and requires additional time to do so

1 in order to adequately represent the defendant.

2     Accordingly, pursuant to 18 U.S.C. Section 3161, the
3 Court finds that continuance of the trial date, which is set
4 for August 29, 2016, is required in order to serve the ends of
5 justice and ensure that the defense -- defendant is adequately
6 represented.

7     Continuance of the trial outweighs the interests of
8 speedy trial calculations and the best interests of the public
9 in a speedy trial; and, accordingly, the Court continues the
10 trial to October 3, 2016, at 8:30 a.m.  The final pretrial
11 conference will be held on September 29, 2016, 4 o'clock p.m.

12     *MR. WINSTEAD:*  Thank you, Your Honor.

13     *MR. JOHNSON:*  Thank you, Your Honor.

14     *THE COURT:*  Thank you.

15     Anything else we need to do?

16     *MR. WINSTEAD:*  Nothing from the United States.

17     *MR. JOHNSON:*  No, Your Honor.  Thank you.

18     *THE COURT:*  All right.  Then, thank you very much.
19 The motion is granted, the defendant will be remanded to the
20 care and custody of the United States Marshal Service, and
21 we'll stand in recess.

22     (Recess at 4:20 p.m.)

```
 1                    REPORTER'S CERTIFICATE

 2

 3        I certify that the foregoing is a correct transcript from
     the record of proceedings in the above-entitled matter.
 4

 5        Dated at Denver, Colorado, this        day of
                     ,       .
 6
                                  _____
 7                                Therese Lindblom,CSR,RMR,CRR
 8
```