# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-01469-JLK

RONNIE KEYES,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

**PLAINTIFF'S SUPPLEMENT TO SURREPLY TO UNITED STATES' REPLY TO MOTION TO DISMISS**

    Plaintiff, by and through his attorneys David Lane and Liana Orshan, of KILLMER, LANE & NEWMAN, LLP, respectfully submits this Supplement to his Surreply to Defendant United States' Reply to its Motion to Dismiss, [Doc. 47], and states in support the following:

    As relevant for purposes of this Supplement, this Court ordered Plaintiff to file a surreply addressing (1) the requests for authorization for offsite medical care submitted by the Aurora Detention Facility ("ADF") and (2) the emergence of any independent duty for the Marshals Service ("USMS") to investigate once it had knowledge of Mr. Keyes's medical complaints. [Doc. 44]. After filing the surreply, Plaintiff obtained from Defendant the following records relevant to these topics.

    First, the records relating to requests for authorization for offsite medical care show that ADF submitted to the USMS a request for an offsite medical appointment for

1

Mr. Keyes on August 15, 2016. **Ex. 2**, *Records Re: GEO Medical Requests to USMS*, p. 1. Because apparently the August 15th request did not include recent medical information about Mr. Keyes, the USMS requested that ADF submit another request. *See id.* at 25-27. ADF submitted another request on August 30, 2016, which the USMS District of Colorado Office did not approve but rather referred to the USMS Medical Management Branch, which approved the request August 31, 2016. *See id.* at 28, 31-32. (Whether and how this approval was communicated to ADF is not clear from the records provided by Defendant.) Attached to these requests, in addition to several hospital records from 2015 regarding care Plaintiff received before his detention at ADF, were several pages of Mr. Keyes's medical records from ADF. *Id.* at 13-24.

The medical records included relevant observations from nurses at ADF who were treating Mr. Keyes's pressure injuries. For example, on August 24, 2016, a nurse noted that one of Mr. Keyes's pressure wounds, on his lateral ankle, measured 4.5 x. 4.0 x.0.5 cm and contained "[b]lack & brown tissue (necrotic)," *id.* at 12; two days later, the nurse noted the wound had a "strong odor," *id.* at 13. On August 15—less than two weeks earlier—the same wound measured only 2 x 2 x 0.5 cm. *Id.* at 21. Also on August 26, a nurse recorded that Mr. Keyes had an "open wound" on his back that measured 5.5 x 4.0 cm and was bleeding. *Id.* at 13. On August 12, that wound measured only 1 x 1 cm, *id.* at 21; but, on August 19, another nurse observed that the wound "[had] worsened." *id.* at 19.

Second, Defendant provided Plaintiff with policy documents that shed light on the interpretation of the USMS's contract with ADF (GEO), and thus Defendant's duty to Mr. Keyes. The parties' contract provided that "[ADF] will submit to the USMS District

of Colorado requests for approval of all treatment to be provided outside the facility. The USMS shall be responsible for the cost of USMS approved outside medical treatment." [Doc. 37-1] at 7. As Plaintiff discussed in his surreply, although Plaintiff believes that this provision plainly shows that the parties intended that the USMS would retain authority over ADF detainees' offsite medical care (at least in nonemergent situations), if this Court disagrees and finds that the contract is ambiguous, "extrinsic evidence is admissible to clarify the parties' intent," which "then becomes a question of fact." *Baum v. Great W. Cities, Inc.*, 703 F.2d 1197, 1205 (10th Cir. 1983). *See* [Doc. 47] at 10-11. The highlighted provisions in the attached **Exhibit 3**, *USMS Policy Directives § 9.4 on Prisoner Health Care*, establish that to interpret the contract consistently with USMS policy—a key clue to how a USMS contract should be interpreted—the contract must be interpreted as providing that the USMS retained a duty to provide necessary offsite medical care to detainees in private detention facilities like ADF.

Respectfully submitted this 29th day of November 2018.

KILLMER, LANE & NEWMAN, LLP

s/*Liana Orshan*
David A. Lane
Liana Orshan
1543 Champa Street, Suite 400
Denver, CO 80202
Phone: (303) 571-1000
Facsimile: (303) 571-1001
dlane@kln-law.com
lorshan@kln-law.com
*Counsel for Plaintiff*